# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| NIKHILA REDDY SULTANPURAM )<br>  5415 Maple Avenue, Apt. 382 )<br>  Dallas. Texas 75235 )<br>)<br>)<br>            Plaintiff(s) )<br>)<br>         v. )<br>)<br>ANTONY J. BLINKEN, in his official )<br>capacity, Secretary, U.S. Department of State; )<br>  U.S. Department of State )<br>  2201 C St. NW )<br>  Washington, DC 20520 )<br>)<br>)<br>RENA BITTER, in her official capacity, )<br>Assistant Secretary, Bureau of Consular )<br>Affairs; )<br>ELIZABETH JONES, in her official capacity,<br>Chargé d'Affaires, Ambassador, United States<br>Embassy, India;<br>  U.S. Department of State<br>  2201 C St. NW<br>  Washington, DC 20520<br><br>            Defendant(s). | Civil Action No 1:23-cv-776 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

# INTRODUCTION

COMES NOW NIKHILA REDDY SULTANPURAM, (hereinafter "Plaintiff SULTANPURAM" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff SULTANPURAM is an Indian citizen who is subject to a two-year home residency requirement under INA §212(e) on account of her use of a J-1 Visa during a past entry to the U.S. As a result of this requirement, and without the approval of a waiver of the home residency requirement, Plaintiff is prohibited from pursuing her medical training. As such, Plaintiff has made such a request for a waiver of the two-year home residency requirement with the United States Citizenship and Immigration Service ("USCIS") and the U.S. Department of State, Waiver Review Division, ("WRD"). Plaintiff's request is made on the grounds that her U.S. citizen spouse will suffer exceptional hardship if her request for the two-year home residency requirement is not granted.[1]

2. Plaintiff SULTANPURAM filed both Form I-612, Application for Waiver of the Foreign Residence Requirement under section 212(e), and DS3035, Application for Recommendation of J-1 Waiver of the two-year home residency requirement, simultaneously.

3. Upon considering Plaintiff's request, USCIS adjudicated Plaintiff's I-612 making a favorable recommendation for the exceptional hardship waiver and thereafter forwarded the I-612

---

[1] Under INA § 212(e), exchange visitors may apply for a waiver of the section's two-year home residency requirement in one of five ways. (1) No objection statement from applicant's home government; (2) prove risk of persecution if the applicant is forced to comply with the two-year home residence requirement; (3**) prove that denial of the waiver request would result in exceptional hardship to a U.S. citizen or lawful permanent resident spouse or child**; (4) U.S. government or agency interest would be impacted; or (5) the waiver being requested by a designated state public health department (the Conrad State 30 Program) of the U.S. serving underserved communities.

and I-613 to the Department of State's Waiver Review Division ("WRD") in January 2022, and by February 2, 2022, the Department of State had all the required documentation pertaining to the Plaintiff's case.[2]

4. Since February 2022, Defendants have not made any further requests for additional information or evidence from the Plaintiff.

5. This action is brought as a result of Defendants' failure to carry out the nondiscretionary duty of issuing a final decision on Plaintiff's Application for Waiver of the Foreign Residence Requirement (hereinafter "Application") within a reasonable period of time. Plaintiff's Application has now been pending with the WRD since February 2, 2022, for over 58 weeks, which is an unreasonably long time. As of this date, no requests for further information or documents have been made by Defendants.

6. Plaintiff SULTANPURAM's J-1 status will be ending on June 30, 2023, resulting in her being out of status. Plaintiff SULTANPURAM has applied for her medical residency, which will begin on July 1, 2023, with orientation beginning on June 26, 2023. However, she will be prevented from participating in the residency program without the approval of her J-1 waiver. **[EXHIBIT A]**.

7. Given the highly competitive nature of medical residencies, Plaintiff SULTANPURAM is not in a position to defer her participation in the medical residency program and without the approval of her J-1 waiver, she may not have another opportunity to pursue the required training.

---

[2] Certain exchange visitors, and specifically certain individuals under the J-1 visa program are subject to the two-year home residence requirement pursuant to INA § 212(e). Applications for waiver of the two-year home-country residence requirement may be supported by a statement of exceptional hardship to the applicants U.S. citizen or lawful permanent resident spouse or child. Section 212(e) of the Immigration and Nationality Act gives the Attorney General the authority to issue waivers based on exceptional hardship.

8. By failing to issue a decision in Plaintiff's Application, Defendants have unreasonably and knowingly jeopardized Plaintiff's immigration status, career, and future in the United States.

9. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to act on Plaintiff's Application as there are no in-person requirements such as fingerprinting or an interview that are outstanding; as such, COVID-19 related issues do not prohibit an officer's issuance of a final decision in this matter. Plaintiff has a clear right to the adjudication of her J-1 Waiver Application and the issuance of a final decision in a timely manner. The issuance of a final decision is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

10. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application by issuing a final decision.

**PARTIES**

11. Plaintiff SULTANPURAM is a national of India and a resident of Dallas County, Texas. She is the Applicant of Form I-612, Application for Waiver of Foreign Residence Requirement.

12. Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies This action is filed against him in his official capacity.

13. Defendant RENA BITTER is the Assistant Secretary of State for Consular Affairs. As

Assistant Secretary, she is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against her in her official capacity.

14. Defendant ELIZABETH JONES is the Chargé d'Affaires, of the United States Embassy in India. She is the principal officer in charge of the Embassy. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

15. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

16. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

17. The Plaintiff has repeatedly requested the Defendants to issue their final decision on the Application. Further, Plaintiff has, directly and through her Congresswoman, Jasmine Crockett's Office, initiated numerous inquiries with Defendants without any resolution. The Plaintiff has exhausted her administrative remedies. Plaintiff has supplied the Defendants with documents that establish Plaintiff's eligibility to receive a final decision on her waiver Application.

18. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

19. On April 5, 2021, Plaintiff SULTANPURAM filed Form I-612, Application to Waive Foreign Residence Requirements with the California Service Center along with the requisite fee payment and the required materials in support of her claim of exceptional hardship to her USC spouse.(Receipt # WAC2118650433) **[EXHIBIT B].**

20. On August 25, 2021, Plaintiff SULTANPURAM received an RFE from USCIS, which she responded to within the allotted time frame. **[EXHIBIT C].**

21. On or around February 2, 2022, USCIS found exceptional hardship to exist in Plaintiff's case and forward the I-612 along with the I-613, Recommendation of the waiver to the Department of State's Waiver Review Division ("WRD").

22. Since receiving the Form I-612 and the favorable recommendation letter from USCIS, the WRD has made no further requests of the Plaintiff, nor has it issued a final adjudication in Plaintiff's case.

23. Over the last 58 weeks, Plaintiff has made numerous inquiries with the WRD, both directly and through her congresswoman, Jasmine Crockett's, Office.

24. On June 10, 2022, Plaintiff SULTANPURAM filed an expedite request with the WRD, which was denied.

25. Despite numerous inquiries by the Plaintiff, Defendants have yet to take any action on the Application.

26. Plaintiff's Application has been pending with the WRD without any final adjudication for the over 58 weeks and is likely to continue in this status for months or years without judicial action.

27. Plaintiff's inquiries have resulted in no meaningful responses from WRD.

28. Defendants refuse to provide further explanation which would merit the need for over 58 weeks of processing time, which is an unreasonably long time, given Defendants are in receipt of all the required information and evidence.

29. Plaintiff has endured significant financial, emotional, and familial hardships as a result of the unreasonable period of time that Plaintiff's Application has been pending.

## VIOLATION OF THE APA

30. All prior paragraphs are re-alleged as if fully stated herein.

31. Plaintiff has a right to apply for a waiver of the foreign residence requirement pursuant to 8 USC 1182(e) and 22 CFR § 41.63(b).

32. Plaintiff has paid the requisite fees and provided all necessary documents and information required with her Application.

33. Defendants have a duty to issue a final decision within a reasonable period of time under 5 U.S.C. §555(b).

34. The duty owed to the Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

35. No other adequate remedy is available to Plaintiff.

36. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to issue a decision.

37. Given the Defendants' lack of a sufficient reason for not making a final decision on Plaintiff's Application for over 58 weeks, Plaintiffs' Application has been pending for an unreasonably long period of time.

38. Defendants have failed in their duty to issue a final decision within a reasonable time.

39. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's cases.

40. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to issue a final decision on Plaintiff's Application, thereby depriving Plaintiff of the rights to which she is entitled.

41. In addition, as a result of this delay, Plaintiff has incurred enormous costs and now significant attorney's fees; in effect, Plaintiff's and her family's lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain, prior to June 15, 2023, for Defendants to issue a final decision on Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to issue a recommendation on Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: March 22, 2023                         Respectfully submitted,

    /s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*